IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHODA SHAW, by and through her guardian and conservator Cynthia A. Beck; LAWRENCE D. BECK; and CYNTHIA A. BECK,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT "BOBBY" SHAW; DEANNA FOX SHAW; THOMAS SPADE; and BARBARA SPADE,<br><br>Defendants. | Case No. 2:24-cv-00107-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are Defendant Thomas Spade's Motion to Dismiss (Dkt. 23) and Rhoda Shaw, Cynthia Beck, and Lawrence Beck's (collectively, "Plaintiffs") Amended Motion to Amend (Dkt. 42). Spade asks the Court to dismiss him from this suit because Plaintiffs' claims against him are precluded by an Idaho state court judgment in his favor. Dkt. 23, at 4–5. Plaintiffs counter that their claims are not precluded and ask the Court to permit them to Amend their complaint. Defendants did not oppose the Motion to Amend, and the Court GRANTS the Motion accordingly. But because, under Idaho law, the state case precludes Plaintiffs' claims against Spade regardless, the Court GRANTS Spade's Motion and DISMISSES him from this case.[1]

---

[1] Upon review, the Court finds that the issues are adequately presented in briefing. Accordingly, the Court dispenses with oral argument. *See* Local Rule 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

This case arises out of an intrafamily real estate dispute. Prior to the events at issue, plaintiff Rhoda Shaw and her late husband Morgan owned an undivided two-thirds interest in a duplex located in Bonner County, Idaho (the "Property"). Her son, defendant Robert "Bobby" Shaw, owned the remaining third as a tenant in common with his parents. Bobby lived on the Property year-round, but Rhoda spent the winters in Arizona with her daughter, eventual conservator, and Bobby's sister, plaintiff Cynthia A. Beck. By the terms of Rhoda's will circa 2020, when she died, the Property would pass to Bobby and Cynthia as tenants in common each with an undivided one-half interest. Thomas and Barbara Spade—Rhoda's brother-in-law and sister, respectively—live near the Property.

In August 2021, about a year after Rhoda's medical records begin to show signs of mild dementia, Bobby drove Rhoda to a title company where Spade introduced her to a title officer. While there, Rhoda executed a quitclaim deed transferring her interest in the Property to Bobby. Bobby subsequently moved into the portion of the Property typically occupied by Cynthia and her husband, Larry Beck. The Becks allege that several of their chattels were in the Property when Bobby took possession, and that those chattels have never been returned to them.

The Becks (together with Rhoda acting through Cynthia as conservator) filed suit a year later in Idaho state court. There, they argued Spade's involvement in the transfer constituted fraud. After the deadline to amend had passed and mere weeks before trial, the Becks sought leave to amend their claim against Spade from fraud to unjust enrichment.

The state court denied leave on timeliness grounds. Dkt. 33-1. Plaintiffs then filed this suit in federal court. Dkt. 1.

Meanwhile, the parties proceeded to trial in state court. At the close of Plaintiffs' state court case, Spade sought a directed verdict on the fraud claim. The Court granted Spade's motion and entered judgment in his favor. Dkt. 24-2.

Now in federal court, the Plaintiffs again press undue influence claims against Spade. Dkt. 6. Spade moved to dismiss, arguing the state court judgment precludes Plaintiffs' claims against him here. Dkt. 23. Plaintiffs argue that their federal claims are substantially different from those presented in state court—namely, this case presents trespass to chattels claims the state court refused to hear. Dkt. 29. Additionally, Plaintiffs move to amend their complaint, partially to remove claims against other defendants and partially to clarify their claims. Dkt. 42. Spade has replied. Dkt. 32.

The matter is ripe for review.

### III.  LEGAL STANDARDS

**A. Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### B. Motion to Dismiss[2]

Rule 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up).

### C. Claim Preclusion

Under the Full Faith and Credit Act, federal courts must accord full faith and credit to judgments rendered by state courts. 28 U.S.C. § 1738. Federal courts apply state law to determine whether a state judgment precludes a subsequent federal claim. *Hardwick v. Cty. of Orange*, 980 F.3d 733, 740 (9th Cir. 2020).

Under Idaho law, "[f]or claim preclusion to bar a subsequent action there are three requirements: (1) same parties; (2) same claim; and (3) final judgment." *Ticor Title Co. v. Stanion*, 157 P.3d 613, 618 (Idaho 2007). "Claim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to every matter which might and should have been litigated in the first suit." *Id.* at 620 (cleaned up).

## IV. DISCUSSION

Because Defendants have not replied to the Motion to Amend, and because the Court cannot identify substantial prejudice to the Defendants by allowing the requested

---

[2] Plaintiffs style their motion as arising under Fed. R. Civ. P. 12(b)(1). While some out-of-circuit precedent does construe res judicata as jurisdictional, *see, e.g.*, *Rizvi v. McClure*, 597 F. Supp. 2d 63 (D.D.C. 2009), courts in the Ninth Circuit typically address claim preclusion arguments under Rule 12(b)(6), *see, e.g.*, *Allen v. Campbell*, 2021 WL 737123 (D. Idaho Feb. 25, 2021). The Court therefore construes the Motion as arising under Fed. R. Civ. P. 12(b)(6).

amendment, the Court GRANTS the Motion to Amend. But because the claims against Spade are precluded even on the Second Amended Complaint, the Court also GRANTS Spade's Motion to Dismiss.

### A. Motion to Amend

Plaintiffs' proposed Second Amended Complaint involves mostly minor changes. Substantively, the Second Amended Complaint differs from the operative Amended Complaint by

- Changing the alleged victim of an unauthorized credit report access from Larry Beck to Cynthia Beck, Dkt. 42, at 8, 20;
- Removing allegations related to a claim for tortious interference with prospective economic advantage, Dkt. 42, at 15–17;
- Adding an allegation against Spade, Dkt. 42, at 17; and,
- Adding the heading of "conversion" to claims for trespass to chattels and unjust enrichment. Dkt. 42, at 16–17.

The proposed amendment regarding Plaintiffs' claims against Spade will be discussed further below. All other claims appear to either remove allegations or clarify allegations already made in a manner which would not require additional discovery or prejudice Defendants. Because Defendants would not be prejudiced, and because they did not respond, the Court GRANTS the Amended Motion to Amend.

### B. Motion to Dismiss as Claim Precluded

The Plaintiffs do not dispute that the first and third elements of claim preclusion—the identity of the parties and a valid final judgment—are met here. *See generally* Dkt. 29.

MEMORANDUM DECISION AND ORDER - 5

Rather, they argue the second element of claim preclusion is not met because their present claim for undue influence does not arise out of the same "transaction" as the earlier state litigation. Dkt. 29, at 4–6.

Claim preclusion "extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Carter v. Gateway Parks, LLC*, 483 P.3d 971, 981 (Idaho 2020). Idaho law conceptualizes the transaction or series of transactions broadly. *Id.* "The determination of whether a group of facts constitutes a 'transaction' is to be made pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Andrus v. Nicholson*, 186 P.3d 630, 633 (Idaho 2008).

The claims in this federal case arise out of the same transaction as the claims in the state case. The state court complaint against Spade alleged that he committed fraud when he took Rhoda to the title company to execute the quitclaim deed. Dkt. 24-1, at 4–5. The Second Amended Complaint in this case likewise alleges Spade unduly influenced Rhoda into signing the quitclaim deed. Dkt. 42, at 17. In support of their undue influence claim, Plaintiffs plead that Spade arranged to introduce Rhoda to the title company agent, conducted the introductions at the title company, and encouraged Rhoda to quitclaim her interest to Bobby from a position of trust or confidence. *Id*. at 10. The factual bases for the state court fraud claim and the federal undue influence are identical: both arise out of Spade's interactions with Rhoda in the summer of 2021 related to her execution of the quitclaim deed.

Admittedly, the causes of action are different. The Plaintiffs claimed fraud before the state court and undue influence here. But that difference is irrelevant. Nothing prevented the Plaintiffs from bringing an undue influence claim in their first complaint alongside their fraud claim. Nor did the state court judge find that the two claims were unrelated. Dkt. 33-2, at 6. Indeed, in awarding fees to Spade related to the Plaintiffs frivolous fraud claim, the court noted that it would have been "better pled as an undue influence claim." *Id.* The state court denied the motion to amend because it was untimely and because Plaintiffs showed no good cause for the delay. Dkt. 33-1. Where Plaintiffs bear the fault for failing to plead a valid cause of action or timely move to amend their complaint, the claim "might and should have been litigated in the first suit." *See Ticor Title Co.*, 157 P.3d at 618.

Plaintiffs argue that their the federal case against Spade does not arise out of the same transaction because they seek economic damages for the loss of their chattels after Bobby took possession of the Property. Dkt. 29, at 5. On this theory, Spade's undue influence on Rhoda proximately caused Bobby to take possession, which in turn caused the conversion of the Beck's chattels. *Id.* While Plaintiffs' theory is not obvious from their operative complaint, the complaint they propose in the Motion to Amend seeks to add a paragraph clarifying their damages claim. *See* Dkt. 42, at 17.

Even if the Court were to grant the Motion to Amend with respect to Plaintiffs' claims against Spade, and even if Spade could be liable for Bobby's alleged conversion, the claims would still be barred by claim preclusion because they still arise out of the same transaction or series of transactions as the state case. *See Andrus*, 186 P.3d at 633. As

**MEMORANDUM DECISION AND ORDER - 7**

discussed above, the details of Spade's involvement in Rhoda's execution of the quitclaim deed are subject to claim preclusion. Plaintiffs argue that those same actions proximately caused a subsequent damage yet are not part of the same transaction or series of transactions. Plaintiffs cannot have it both ways. Damages which are proximately caused by an event are necessarily part of the same transaction or series of transactions as the underlying event.

Plaintiffs rely on *Elsaesser v. Riverside Farms, Inc.*, Dkt. 29, at 5–6, but *Elsaesser* does not help them. There, the Idaho Supreme Court declined to preclude probate litigation over property ownership based on an earlier tree removal action which referenced, but did not require determination of, the property dispute. 513 P.3d 438, 445 (Idaho 2022). *Elsaesser* stands for the simple proposition that suits which share issues do not necessarily "arise out of the same transaction or series of transactions." *Id.* That makes sense: the transactions test is focused on whether two claims' underlying facts are related. In the tree removal action, the underlying facts concerned whether trees encroached on an easement. *Id.* at 441. The underlying facts of the probate case concerned whether a will was the product of undue influence. *Id.* Because the facts necessary to prove the causes of actions were not *necessarily* related, the Idaho Supreme Court declined to apply claim preclusion.

Here, by contrast, the facts underlying Plaintiffs' claims against Spade are necessarily identical in both the state and federal cases. One claims that Spade illegally influenced Rhoda into conveying her property, either by fraud or by the forfeited undue influence argument. The other claims that, because Spade illegally influenced Rhoda into conveying her property, the Becks' property was converted. Both claims rely on the same

set of underlying facts; the federal claim merely adds a few more events to the same series of transactions.

The Court, therefore, finds that both claims arise out of the same transaction or series of transactions within the meaning of Idaho claim preclusion law. *See Andrus*, 186 P.3d at 633. Accordingly, Spade's Motion to Dismiss is GRANTED.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). Because it is not *absolutely* clear that the complaint cannot be saved by amendment, Plaintiffs are GRANTED leave to amend as to Spade. However, the Court cautions Plaintiffs that a Third Amended Complaint which states claims barred by res judicata may be grounds for an award of attorney's fees.

## V. CONCLUSION

In a footnote in the state court case, Judge Lamont C. Berecz wrote: "From early on in this case, this Court always expected to rule in favor of the Plaintiff once the matter went to trial." Dkt. 24-3, at 14 n.5. "However," he went on, "having now held full trial on the merits . . . the full story is far more complicated. This is not a simple case of an elderly lady being taken advantage of as Plaintiff would have the courts believe." *Id.*

Whether this Court agrees that the full story is more complicated remains to be seen. This much, however, is simple: Plaintiffs' claims against Thomas Spade are barred by claim preclusion and must be dismissed.

## VI. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Amended Motion to Amend (Dkt. 42) is GRANTED.

2. Defendant Thomas Spade's Motion to Dismiss (Dkt. 23) is GRANTED.

3. Defendant Thomas Spade is DISMISSED from this case.

4. Defendant Thomas Spade's request for attorney's fees contained in his Motion (Dkt. 23, at 7) is taken under advisement pending resolution of the parties' remaining claims.

5. Plaintiffs are GRANTED leave to amend as to Thomas Spade. If they so choose, Plaintiffs must file a Third Amended Complaint within 30 days of the entry of this Order.

DATED: December 8, 2025

David C. Nye
Chief U.S. District Court Judge